IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINA CLEMENT, o/b/o ) | | |
| KALEB CLEMENT, a Minor, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-3348-SSA-CV-S-WAK | |
| ) | | |
| JO ANNE B. BARNHART, Commissioner , ) | | |
| Social Security Administration, ) | | |
| ) | | |
| Defendant. ) | | |

## ORDER

Claimant Regina Clement, on behalf of Kaleb Clement, a minor, seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims he became disabled beginning on May 5, 1998. The parties' briefs were fully submitted, and on April 19, 2006, an oral argument was held.

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by the statutes and regulations. See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

Under 42 U.S.C. § 1382c(a)(3)(C), a child will be found disabled if he has a medically determinable impairment which results in marked and severe functional limits as set forth in the

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

regulations and statutes, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

The regulations set forth a three-step sequential process to determine whether a child is disabled. The Commissioner considers (1) whether the child is working or involved in substantial gainful activity, (2) whether the child has a medically determinable severe impairment or combination of impairments, and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the listings. See 20 C.F.R. § 416.924.

The regulations contain a Listing of Impairments that applies to children. See Appendix 1 of subpart P, Regulations No. 4. 20 C.F.R. 416.926a(b). The parties agree that to obtain benefits, claimant's impairment(s) must cause a marked degree of limitation in two areas of functioning or an extreme level of limitation in one area.

Six domains of functional limitations are evaluated if the impairment does not meet or medically equal a listing. They are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating to others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. See 20 C.F.R. § 416.926a(b)(1)(I-vi).

Kaleb Clement was born in 1995 and attends school. He lives with his parents and two siblings. His mother indicates he has trouble staying focused; does not interact well with his siblings or peers; gets into trouble on the school bus; requires special education classes, tutoring and a classroom aide; has seizures followed by headaches on a regular basis; has trouble with bladder control; and otherwise displays hyperactive and defiant behavior. He has nearly weekly sessions in his home with a counselor and takes medication for ADHD and seizures.

The Administrative Law Judge (ALJ) found claimant had impairments which included attention deficit hyperactivity disorder, borderline intellectual functioning, phonological disorder, and benign focal epilepsy of childhood. The ALJ evaluated the testimony, medical records and school records and determined that claimant was not disabled within the meaning of the Social Security Act. He found that Clement was not markedly impaired in two of the six domains or extremely impaired in one domain. He noted that the medical and school records indicated fairly good control of claimant's ADHD and seizure disorder with medications.

2

Case 6:05-cv-03348-WAK   Document 14   Filed 06/22/06   Page 2 of 4

Clement was making satisfactory progress at school and demonstrated an ability to learn. Although Clement's time at home appeared to contain more impaired behavior than at school, the medical records suggested that it was due, in part, to the need for additional medication in the afternoon or evening, which claimant did not appear to be taking.

The ALJ discounted certain of the testimony and form conclusions contained in the records, but clearly explained his reasons for doing so. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

The administrative record in this case clearly shows a child who has and who has had mental and physical problems. The records do not show that Clement's problems have resolved, but do support the ALJ's conclusion that they have responded to treatment and appear to have improved with age. The records indicate Clement needs certain accommodations and more individualized attention than many other children.

When considered as a whole, however, there is substantial evidence on the record to support the ALJ's conclusion that claimant is not disabled. There are sufficient medical records indicating claimant is doing well on his medications, physician notes questioning whether claimant is having seizures or indicating that he is not having them regularly, and documents that otherwise state or imply that claimant is responding to treatment and functioning reasonably well.

The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision. Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996). The court may not make a de novo review. Accordingly, for these reasons and those set forth in more detail in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 22nd day of June, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge